ALANSON T. FAY & another *vs.* WEBSTER SMITH.

The alteration of a promissory note by the addition of the words " with interest " avoids
the note as to such promisors as do not consent thereto, although the alteration is made
without fraudulent intent.

CONTRACT upon a promissory note, signed upon its face by
H. M. Reed, bearing upon its back the name of the defendant,
payable in ten months from date to the order of Joshua Hobart,
and indorsed by Hobart to the plaintiffs. The answer set up a
material alteration of the note after the defendant's name was
put upon it, by the addition of the words " with interest," but
it was not alleged, or contended at the trial, that this alteration
was made with fraudulent intent. At the trial in the superior
court, *Putnam,* J., ruled that, even if the fact set up in the answer
were proved, the plaintiffs were entitled to recover the amount of
the principal, with interest after the expiration of ten months,
and a verdict was returned accordingly. The defendant alleged
exceptions.

*J. Q. A. Griffin,* for the defendant.

*J. C. Dodge,* for the plaintiffs, cited *Homer* v. *Wallis,* 11 Mass.
309; *Nevins* v. *De Grand,* 15 Mass. 436; *Smith* v. *Dunham*

8 Pick. 246; *Wheelock* v. *Freeman*, 13 Pick. 165; *Adams* v. *Frye*, 3 Met. 103; *Willard* v. *Clarke*, 7 Met. 435; *Eddy* v. *Bond*, 19 Maine, 461; *Thurston* v. *Appleton*, 29 Maine, 298; *Bowers* v. *Jewell*, 2 N. H. 543; *Henfree* v. *Bromley*, 6 East, 309.

HOAR; J. The defendant, not being named as a party to the note in suit, placed his name upon the back of it, before it was delivered by the promisor, Reed, to the payee, and thereby, according to the settled law of Massachusetts, made himself jointly liable as an original promisor. The note, when he thus placed his name upon it, was not payable with interest; but the other promisor had agreed with the payee to give him a note bearing interest, and the words "with interest" were added by the procurement of the payee, and with the assent of Reed, but without the knowledge or authority of the defendant; and with this alteration the note was taken by the payee and indorsed to the plaintiffs.

The plaintiffs contended at the trial that, the alteration having been made without fraudulent intent, they should be allowed to recover upon the note as it stood when the defendant signed it; and the presiding judge so ruled. But we are of opinion that this ruling cannot be supported, and that the verdict must be set aside, and a new trial granted. We think no case has gone so far in this commonwealth as to hold that, where a material alteration in a contract has been made by the payee or obligee, with the express intention of changing the operation of the contract itself, and of making it in terms a different contract, it could afterwards be enforced, even in the absence of any fraudulent intent. But whether this be so or otherwise, in a case in which the alteration is made after the delivery of the writing, the case at bar must be governed by a principle which depends upon wholly different considerations.

This note is a contract in writing, and purports to be the contract of both Reed and the defendant. If both are bound by it, it is the same contract by each of them. The writing is single, and cannot be treated as if it contained two separate agreements, one binding upon the one and the other upon the other The payee never received it, or agreed to receive it, as a note

not bearing interest. He took it as a note payable with interest, having the signature of Reed appended to it as such, and delivered by Reed to him as an effectual contract according to its tenor. He knew that, as it was signed by the defendant, it was not a note bearing interest; and he assumed that Reed had authority to make the defendant a party to the new contract, which the insertion of the words "with interest" constituted. But Reed had not such authority; and the contract which the payee of the note received does not therefore bind the defendant. The defendant never made the note which the payee accepted.

There seems to be no difference in principle between this case and one where a note should be signed by two persons for the sum of three hundred dollars, and one of them, supposing he had authority from the other, but really without his consent, should strike out the words "three hundred dollars," and insert in their place "five hundred dollars," and then negotiate the note. The other signer would be wholly discharged, not on the ground of fraud and forgery, but of want of authority to bind him. The note used he did not execute; the note which he executed was never used, but was destroyed by the alteration, and another substituted for it.

The plaintiffs' declaration shows that they rely upon a different contract from the one which was signed by the defendant, the only contract to which he ever assented; and if the words "with interest" could be stricken out and treated as a nullity, there would be a variance between the declaration and the proof. *New trial granted.*